Eastern District of Kentucky
**F I L E D**

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
COVINGTON**

AUG 13 2021

AT COVINGTON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

**CRIMINAL ACTION NO. 21-9-DLB-CJS**

**UNITED STATES OF AMERICA**                                                                 **PLAINTIFF**

**V.**                            **PLEA AGREEMENT**

**CHARLES H. CRAWFORD, JR.**                                                             **DEFENDANT**

\* \* \* \* \*

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to the Indictment, charging a violation of 18 U.S.C. § 912 (False Personation of an Officer or Employee of the United States).

2. The essential elements of the crime charged are:

    (a) That the Defendant assumed or pretended to be an officer or employee of the United States;

    (b) That such assumption and/or pretense was false, and the Defendant knew that it was false; and

    (c) That the Defendant committed any overt act consistent with the assumed or pretended character.

3. The United States could prove beyond a reasonable doubt the following facts, which establish the essential elements of the offense, and the Defendant admits these facts:

    (a) During the period of September 9, 2019, through December 31,

1



2019, in Kenton, Boone, and Pendleton Counties, the Defendant pretended to be an officer or employee of the United States, namely, a Special Agent with the Bureau of Alcohol Tobacco Firearms and Explosives (ATF), and in such pretended character, falsely pretended to assist in an active ATF investigation.

(b) The purported investigation related to the victims' (J.C. and R.C.) daughter, K.C. The Defendant promised to assist the victims in the investigation of individuals responsible for providing illegal drugs to K.C. and to obtain an expungement of K.C.'s record in Calloway County, Kentucky. In furtherance of the purported investigation, the Defendant took the following actions, among others:

(1) To carry out his false persona, the Defendant sent the victims numerous photographs of him wearing law enforcement uniforms.
(2) The Defendant told the victims that the ATF opened a case with respect to the investigation.
(3) The Defendant met with K.C. and her counselor. K.C. and the counselor reported that the Defendant presented a badge at the meeting and the Defendant admits the government could prove he presented a badge. The Defendant also solicited intimate information from K.C. related to her history, including sexual abuse she suffered, and the purported investigation.
(4) The Defendant sent numerous fake official government documents to the victims, including an affidavit for a search warrant and an indictment for one of the purported targets of the investigation.
(5) The Defendant provided updates to the victims on the status of the purported investigation. For example, the Defendant texted the victims that he "called down there officially as a cop," and that he "spoke to my job ATF." In another message, the Defendant stated that "I'm really considering charging Stephanie with endangerment of a federal witness."
(6) The Defendant told the victims that the ATF recovered a laptop belonging to K.C. after execution of a search warrant during the purported investigation. The laptop was inside a clear plastic bag and marked with an ATF

2

> evidence label. Law enforcement subsequently discovered that the laptop was stolen from the Defendant's employer.

(c) The purported investigation culminated with the Defendant presenting a plaque to R.C., allegedly signed by the acting chief of the ATF, and which recognized R.C. for her assistance in the investigation that was referred to the ATF by "Special Agent C. Crawford." The plaque stated, in part:

> "On October 10, 2019 the Department of Alcohol and Firearms (ATF) was notified of the stuation [sic] with your family by Special Agent C. Crawford…I would like to thank you for your hard work and dedication under exstreme [sic] distress and hartship [sic] for supplying the government [sic] with the vital imformation [sic] that put some very bad people away. This not only helped save many lifes [sic] but also saved your daughters [sic] and made the Common Wealth [sic] a much safer place to live."

(d) The Defendant has never been employed by the ATF. The Defendant knew that he had never been employed by the ATF and knew that the pretenses described herein were false.

4. The statutory penalty for Count 1 is not more than 3 years imprisonment, a fine of not more than $250,000, and one year of supervised release. A mandatory special assessment of $100 applies, and the Defendant will pay this assessment to the U.S. District Court Clerk no later than sentencing.

5. Pursuant to Rule 11(c)(1)(B), and unless otherwise noted below, the United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to or argue in favor of other calculations. This recommendation does not bind the Court.

3

    (a) United States Sentencing Guidelines (U.S.S.G.), November 1, 2018, manual, will determine the Defendant's guidelines range.

    (b) Pursuant to U.S.S.G. § 1B1.3, the Defendant's relevant conduct includes, but is not limited to, the facts outlined in paragraph 3.

    (c) Pursuant to U.S.S.G. § 2J1.4(a), the base offense level is 6.

    (d) Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.

    (e) Pursuant to U.S.S.G. § 5E1.1, restitution may be applicable.

6. No agreement exists about the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

7. The Defendant will not file a motion for a decrease in the offense level based on a mitigating role pursuant to U.S.S.G. § 3B1.2 or a departure motion pursuant to U.S.S.G. Chapter 5, Parts H or K.

8. The Defendant waives the right to appeal the guilty plea, conviction, and sentence, except that the Defendant may appeal any sentence imposed above the advisory Guidelines range as determined by the court at sentencing. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

9. The Defendant waives all rights, whether asserted directly or by a representative, to request or to receive from any department or agency of the United

4

States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C § 522a.

10. After pleading guilty, the Defendant will make a full and complete financial disclosure to the United States and will assist the United States in the gathering of all financial information. The Defendant will complete and sign a financial disclosure statement or affidavit, will sign financial releases prepared by the United States, and will submit to a deposition in aid of collection at times and places that the United States directs. The Defendant authorizes the United States to obtain the Defendant's credit reports. The Defendant agrees that any unpaid penalty will be submitted to the United States Treasury for offset. If the Defendant fails to comply with any of the provisions of this paragraph, the United States will not move the Court pursuant to U.S.S.G. § 3E1.1(b) to reduce the offense level by one additional level, and may in its discretion argue to the Court that the Defendant should not receive a two-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a).

11. If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

12. This document and the supplement contain the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

13. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

14. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

CARLTON S. SHIER, IV
ACTING UNITED STATES ATTORNEY

Date: 8|13|21   By: _____
Kyle M. Winslow
Assistant United States Attorney

Date: 8/13/21   _____
Charles H. Crawford, Jr.
Defendant

Date: /3 Ay   _____
Robert K. McBride
Attorney for Defendant

6